IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-3208-WJM-MEH

JUDITH BUTT, and
DONALD BUTT

      Plaintiffs,

v.

WRIGHT MEDICAL TECHNOLOGY, INC.,

      Defendant.

---

**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND SANCTIONING PLAINTIFFS' COUNSEL FOR FAILING TO MEANINGFULLY COMPLY WITH WJM REVISED PRACTICE STANDARD III.D.1**

---

Invoking this Court's diversity jurisdiction, *see* 28 U.S.C. § 1332(a), Plaintiffs Judith and Donald Butt (together, "the Butts") sue Defendant Wright Medical Technology, Inc. ("Wright Medical") on various causes of action stemming from injuries Judith Butt received due to Wright Medical's allegedly defective artificial hip apparatus. (ECF No. 1.)  Before the Court is Wright Medical's Motion to Dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14.) (the "Motion").  For the reasons explained below, the Motion is granted without prejudice to refiling.  However, as also explained below, the Court finds that a sanction is appropriate against the Butts' counsel in light of their failure to meaningfully comply with WJM Revised Practice Standard III.D.1.

### I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II.  FACTS[1]

In May 2008, Butt had a right hip replacement. (¶ 7.) Wright Medical manufactured at least some of the components that went into the hip replacement apparatus. (¶ 8.)

On September 14, 2011, Butt "underwent a right hip revision" surgery in which some components of the hip replacement apparatus were replaced. (¶¶ 10–11.) On September 29, 2011, Butt's right hip dislocated while she "was standing in her kitchen stirring soup." (¶ 13.) On October 5, 2011, Butt underwent another revision surgery to

---

[1] All citations in this Part II are to the Butts' complaint (ECF No. 1). All references to "Butt" are to Plaintiff Judith Butt, unless otherwise noted.

replace certain parts of her artificial hip with, among other things, additional components manufactured by Wright Medical. (¶ 18.) During that operation, Butt's physicians noted "significant synovitis from previous metal-on-metal bearing with staining of the synovial lining of the hip, aseptic loosening of the acetabular component and well-fixed femoral component." (¶ 19.)

In February 2013, Butt endured another revision surgery which apparently replaced every part of her artificial hip with components manufactured by a company that is not a party here. (¶ 20.) Butt now sues Wright Medical, alleging causes of action for "product strict liability," negligent design and manufacture, negligent failure to warn, and punitive damages. (¶¶ 22–49, 54–57.) Donald Butt alleges loss of consortium. (¶¶ 50–53.)

### III. ANALYSIS

**A.    Statute of Limitations**

Wright Medical's primary challenge is that Butt did not timely file her complaint. (ECF No. 14 at 4–7.) In Colorado, product liability lawsuits, including failure-to-warn lawsuits, must be filed "two years after the claim for relief arises." Colo. Rev. Stat. § 13-80-106(1); *see also Yoder v. Honeywell Inc.*, 900 F. Supp. 240, 244 (D. Colo. 1995) ("Because this is a suit based on diversity jurisdiction, we apply the law of the forum state, in this case Colorado."). In addition, "Colorado has adopted the discovery rule to determine when a product liability action accrues," meaning that

> a plaintiff must bring her product liability . . . claims within [two] years of when she is aware or should be aware, in the exercise of reasonable diligence, of all of the elements of the cause of action. Once a plaintiff has suspicion of

> wrongdoing, she is under a duty to attempt to find the facts. Uncertainty as to the full extent of the damage does not stop the accrual of a cause of action.

*Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887–88 (10th Cir. 2005) (citations and footnote omitted).

Wright Medical argues that Butt should have been aware of a potential cause of action no later than her October 5, 2011, surgery, during which her physicians discovered "significant synovitis" and other indications of something having gone wrong. (ECF No. 14 at 6–7; *see also* ECF No. 1 ¶¶ 18–19.) Notably, Butt does *not* respond by arguing that her allegations, as currently pleaded, are enough to overcome the discovery rule. Instead, Butt submits an affidavit claiming that she had no reason to suspect Wright Medical's alleged wrongdoing until her final surgery in February 2013: "Up until that point, based on my personal knowledge and conversations I had with my treating physicians, I believed that those conditions [*i.e.*, hip instability, dislocations, and the need for multiple procedures] were a normal course for any hip implant patient." (ECF No. 20-1 ¶ 7; *see also* ECF No. 20 at 5–6.)

In resolving a Rule 12(b)(6) motion, this Court may not consider affidavits submitted in response to the Motion. *Silver v. Primero Reorganized Sch. Dist. No. 2*, 619 F. Supp. 2d 1074, 1080 (D. Colo. 2007); *White v. Santomaso*, 2012 WL 364057, at *3 n.4 (D. Colo. Feb. 2, 2012). Accordingly, the Court will ignore Butt's affidavit.

Given Butt's failure to defend the complaint as it stands, the Court deems Butt to have conceded that, under the facts as alleged, a reasonably prudent individual should have known at least by October 2011 that something was wrong with her replacement

hip, thus triggering the discovery rule and rendering the complaint untimely. *Cf. Norris*, 397 F.3d at 888 (affirming district court's ruling that plaintiff's product liability claim against the manufacturers of her breast implants accrued when plaintiff began experiencing problems with those implants and needed to have them replaced). Consequently, Butt's product liability causes of action (Counts One, Two, and Three) must be dismissed for failure to state a claim. Donald Butt's loss of consortium claim (Count Four) must also be dismissed because it is derivative of the first three causes of action. *Lee v. Colo. Dep't of Health*, 718 P.2d 221, 230 (Colo. 1986).

Finally, the punitive damages cause of action (Count Five) must be dismissed. "A punitive damage[s] claim is not an independent cause of action . . . ." *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991). In addition, a party may not seek punitive damages under Colorado law "in any initial claim for relief." Colo. Rev. Stat. § 13-21-102(1.5)(a).[2] Rather, a prayer for punitive damages "may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." *Id*.

Because Butt's affidavit suggests that the Butts may be able to amend their pleadings to raise a factual issue about the discovery rule, the foregoing dismissal is without prejudice to amendment. *Cf. Bayless v. United States*, 767 F.3d 958, 970 (10th Cir. 2014) (discussing, in the context of the Federal Tort Claims Act, the application of the discovery rule in situations where a physician incorrectly rules out a potential cause

---

[2] This statute, although procedural in nature, nonetheless applies in federal court. *See Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007).

of a plaintiff's injury).

B.  **Wright Medical's Other Arguments**

Wright Medical makes several other arguments for dismissal which the Court need not address in light of the foregoing. However, without prejudging those arguments as addressed to any amended complaint, the Court encourages the Butts to carefully consider Wright Medical's current arguments when drafting any amendment, and the Court expects the parties to comply fully and in good faith with WJM Revised Practice Standard III.D.1 before any Rule 12(b)(6) motion is filed.

C.  **Compliance with WJM Revised Practice Standard III.D.1**

This undersigned's Revised Practice Standard III.D.1 deserves further discussion because it has already been undermined here. In relevant part, the Practice Standard states:

> Counsel should confer prior to the filing of a Rule 12(b)(6) motion to determine whether the deficiency (*e.g.*, failure to plead fraud with specificity) can be corrected by amendment, and should exercise their best efforts to stipulate to appropriate amendments. If such a motion is nonetheless filed, counsel for the movant shall include in the motion a conspicuous statement describing the specific efforts undertaken to comply with this Practice Standard. Counsel are on notice that failure to comply with this Practice Standard may subject them to an award of attorney's fees and costs assessed personally against them.

Here, Wright Medical filed a Rule 12(b)(6) motion without including the required "conspicuous statement." (*See* ECF No. 7.) Given that deficiency, the Court struck the motion without prejudice. (ECF No. 8.) Approximately three weeks later, Wright Medical renewed its Rule 12(b)(6) motion with the following statement:

> Pursuant to WJM Practice Standard III.D.1 and this Court's order of January 6, 2015 (Doc. # 8), counsel for Defendant conferred with counsel for Plaintiffs on several occasions from January 6 to January 28, 2015, regarding the relief sought by this motion and the substance of the motion. Conferences were conducted by email and in person-to-person phone calls.  Counsel for Plaintiffs received a copy of this motion.[3]  Plaintiffs' counsel requested and was granted time in which to research legal authorities for purposes of conferring.  Counsel for Plaintiffs further informed Defendant's counsel that she reviewed her client's medical records and conferred with her clients.  Plaintiffs' counsel informed counsel for Defendant of Plaintiffs' opposition to the relief requested herein, and of her intention to file an opposition to this motion, on January 28, 2015, just before the scheduling conference in this case.

(ECF No. 14 at 1–2.)

Given this sequence, it is difficult to understand how the Butts' counsel could consider it appropriate to oppose Wright Medical's renewed motion with an affidavit from Judith Butt supplying *new* factual allegations—rather than seeking Wright Medical's stipulation to amend or, failing that, amending as of right once Wright Medical filed its renewed motion.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Litigating and resolving the renewed motion is precisely the waste of the Court's and counsel's resources that Rule 15(a)(1)(B) and the undersigned's Practice Standard III.D.1 were intended to avoid.

As noted above, Practice Standard III.D.1 explicitly warns counsel that "failure to comply with this Practice Standard may subject them to an award of attorney's fees and costs assessed personally against them."  Moreover, 28 U.S.C. § 1927 permits this Court to require counsel to pay "excess costs, expenses, and attorneys' fees" where

---

[3] The Butts' counsel had a copy of the motion anyway, given that they were served with a copy of the stricken version (ECF No. 7), which is materially identical to the renewed motion (ECF No. 14).

counsel "so multiplies the proceedings in any case unreasonably and vexatiously." Under both of these authorities, the Court finds that a sanction of attorneys' fees, payable by the Butts' counsel to Wright Medical, is appropriate in this circumstance. Specifically, the Court finds that the Butts' counsel shall pay to Wright Medical its fees and costs reasonably incurred in (a) complying with Practice Standard III.D.1 from January 6 through January 28, 2015, (b) drafting and filing its *reply* brief (ECF No. 21), and (c) drafting and filing a motion for attorneys' fees. The Court does *not* award Wright Medical its fees and costs for preparing its motion (ECF No. 14) because Wright Medical drafted and filed that motion, and thereby incurred the expense, before complying with Practice Standard III.D.1 (*see* ECF Nos. 7 & 8).

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Wright Medical Technology, Inc.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 14) is GRANTED and the Butts' claim is DISMISSED without prejudice;

2. The Butts are granted leave to file an amended complaint no later than July 24, 2015; and

3. No later than July 31, 2015, Wright Medical may file a D.C.COLO.LCivR 54.3 motion claiming attorneys' fees and costs *reasonably* incurred in (a) complying with Practice Standard III.D.1 from January 6 through January 28, 2015, (b) drafting and filing its reply brief (ECF No. 21), and (c) drafting and filing the motion for attorneys' fees itself. The Butts shall then have until August 14, 2015,

to file a response, if desired.  No reply will be permitted absent further order.

Dated this 10th day of July, 2015.

BY THE COURT:

William J. Martinez
United States District Judge