**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-3208-WJM-MEH

JUDITH BUTT and
DONALD BUTT,

Plaintiffs,

v.

WRIGHT MEDICAL TECHNOLOGY, INC.,

Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

---

Before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 32) and Defendant's Motion for Attorneys' Fees and Costs (ECF No. 29). For the reasons stated below, the Motion for Reconsideration is denied and the Motion for Attorneys' Fees and Costs is granted.

## I. MOTION FOR RECONSIDERATION

### A. Legal Standard

District Courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied.

*See Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

**B. Analysis**

By Order dated July 10, 2015, the Court sanctioned Plaintiffs' counsel for failing to meaningfully comply with the meet-and-confer obligation established in WJM Revised Practice Standard III.D.1 ("RPS III.D.1"), thus prompting Defendant to file a Rule 12(b)(6) motion that likely never needed to happen. (*See* ECF No. 26 at 6–8.) Familiarity with that Order and with RPS III.D.1 is presumed. Plaintiffs' counsel argues that this Court should reverse its decision to award attorneys' fees.

Plaintiffs' counsel first argues that, in her reading, RPS III.D.1 places its burden primarily on defendants. (ECF No. 32 at 4–5.) Plaintiffs' interpretation is correct in one narrow sense, namely, defendants file Rule 12(b)(6) motions, not plaintiffs, and so defendants must make the first move under RPS III.D.1. Following that, however, counsel for both sides must exercise good faith efforts to avoid unnecessary Rule

12(b)(6) motions. Nothing in RPS III.D.1 places that burden solely on the defendant.

Plaintiffs' counsel nonetheless notes that this Court struck an earlier version of Defendants' Rule 12(b)(6) motion for failure to comply with RPS III.D.1 but did not impose any sanction against Defendants' counsel. This, says Plaintiffs' counsel, further led her to believe that RPS III.D.1 applies "primarily" to defendants. Counsel's premise is inaccurate. Striking a motion without prejudice *is* a sanction, even if a mild one. Moreover, Defendant's counsel's original failure to comply with RPS III.D.1 eventually came back to bite them because this Court specifically chose not to award fees for the motion itself, considering that Defendants' counsel "drafted and filed that motion, and thereby incurred the expense, before complying with [RPS] III.D.1." (ECF No. 26 at 8.)

Plaintiffs' counsel next argues that, even if she had filed a motion to amend rather than a response, "the pending motion would have necessitated a ruling by the Court. Plaintiffs respectfully submit that no matter how Plaintiffs' counsel proceeded, a ruling upon Defendant's motion would have been unavoidable." (ECF No. 32 at 5.) Counsel is incorrect. When the undersigned receives an amended complaint while a motion to dismiss is pending, the undersigned evaluates the amended complaint's effect on the pending motion and frequently finds that it moots the motion, or at least raises a significant question of mootness such that the prudent course is to terminate the motion and permit the defendant to refile it with reference to the amended complaint.

Finally, Plaintiffs' counsel contends that her conduct did not unreasonably multiply proceedings and therefore does not merit attorneys' fees under 28 U.S.C. § 1927. (ECF No. 32 at 5–7.) The Court disagrees, but in any event, this Court also

justified its award of attorneys' fees under RPS III.D.1 itself (*see* ECF No. 26 at 7–8), which specifically states, "Counsel are on notice that failure to comply . . . may subject them to an award of attorney's fees and costs assessed personally against them." Having provided such notice, the Court's inherent authority to sanction the attorneys that appear before it justified the sanction in this case. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015). Plaintiffs' Motion for Reconsideration is denied.

## II. MOTION FOR ATTORNEYS' FEES AND COSTS

The Court permitted Defendants to seek "attorneys' fees and costs *reasonably* incurred in (a) complying with [RPS] III.D.1 from January 6 through January 28, 2015, (b) drafting and filing its reply brief, and (c) drafting and filing the motion for attorneys' fees itself." (ECF No. 26 at 8 (emphasis in original; citation omitted).) Defendants claim $6,579, which represents a total of 18.8 hours billed by three attorneys at a national firm (a partner billing $430/hour and two associates billing $340/hour) and one attorney at a Denver firm who acts as local counsel billing $365/hour. (ECF No. 29 at 3, 7–8.)

The junior-most associate accounts for 12.7 of the claimed hours (6.2 hours with respect to the reply brief and 6.5 hours with respect to the attorneys' fees motion). (ECF No. 29-3 ¶¶ 7, 10.) The other associate billed 3 hours (1.1 in connection with the reply brief and 1.9 in connection with the attorneys' fees motion). (ECF No. 29-2 ¶¶ 8–9.) Local counsel billed 2 hours (0.9 hours on the reply brief and 1.1 hours on meet-and-confer matters). (ECF No. 29-4 ¶ 8.) Finally, the partner billed 1.7 hours

entirely in connection with the reply brief. (ECF No. 29-1 ¶ 9.)[1] In other words, Defendants' counsel collectively spent about one hour in meet-and-confer efforts, about ten hours working on the reply, and a little over eight hours working on the fees motion.

The Court finds Defendants' counsel's rates to be reasonable for the Denver market and that the amount of time spent on the various tasks was likewise reasonable. The Court also finds that the various tasks were delegated appropriately, and, having reviewed the billing invoices, that there was no unnecessary duplication of effort. The Court therefore awards Defendants the amount claimed, $6,579.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Reconsideration (ECF No. 32) is DENIED;
2. Defendant's Motion for Attorneys' Fees and Costs (ECF No. 29) is GRANTED; and
3. Plaintiffs' counsel (not Plaintiffs themselves) SHALL PAY $6,579.00 in attorneys' fees and costs to Defendant.

Dated this 14th day of December, 2015.

BY THE COURT:

William J. Martínez
United States District Judge

[1] This adds up to 19.4 hours, not 18.8. Presumably Defendant's counsel has chosen to claim less than the entire time billed.